UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARICELYS S.,                                  :
       Plaintiff,                          :
                                                  :
      v.                                         :       C.A. No. 18-479WES
                                                  :
ANDREW M. SAUL,                                :
COMMISSIONER OF SOCIAL SECURITY,               :
       Defendant.                          :

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

After the Court adopted my report and recommendation finding that the decision of the administrative law judge ("ALJ") lacked the support of substantial evidence and that this matter should be remanded for further proceedings, but rejecting the argument that the Court make a judicial award of benefits, Maricelys S. v. Saul, C.A. No. 18-479WES, 2019 WL 2950129, at *1 (D.R.I. July 9, 2019), adopted by Text Order of Nov. 7, 2019, Plaintiff Maricelys S. moved for attorney's fees under the Equal Access to Justice Act ("EAJA"). ECF No. 31. As the prevailing party, she seeks a total of $22,448.92[1] for 108.83 hours of work on her largely successful appeal of the ALJ's adverse decision, as well as $1,838.47 for 8.9 hours of work on the reply to the Commissioner's EAJA opposition. In all, she asks for an EAJA fee totaling $24,287.39. The Commissioner objected to the motion, claiming that he was "substantially justified" in defending the case and, alternatively, urging the Court to reduce the fee because the hourly rate and the hours sought are not appropriate. After a hearing was conducted by the District Judge on March 4, 2020, the motion was referred to me for determination. 28 U.S.C. § 636(b)(1)(A).

---

[1] Plaintiff's briefs omit the total dollar amount requested; instead, she supplied appropriately detailed time records and the suggested hourly rates to be applied to the time. The dollar amount for work on the merits of the case in the text is drawn from the Commissioner's memorandum, confirmed by the Court's calculation. The dollar amount for work on the EAJA reply is based on the Court's calculation. The total is the sum of the two.

EAJA provides that "the government shall pay the attorneys' fees of parties that prevail against it in civil litigation, if the court finds that the government's position was not 'substantially justified.'" McDonald v. Sec'y of Health & Human Servs., 884 F.2d 1468, 1472 (1st Cir. 1989); Jessica M. v. Berryhill, C.A. No. 17-464JJM, 2019 WL 399153, at *1 (D.R.I. Jan. 31, 2019). An action is "substantially justified" if "it has a reasonable basis in law and fact"; that is, to avoid a fee award, the government's conduct must be "justified to a degree that could satisfy a reasonable person," having a "reasonable basis both in law and in fact for its position." Aronov v. Napolitano, 562 F.3d 84, 94 (1st Cir. 2009) (citations omitted). The Commissioner bears the burden of establishing substantial justification, both as to the government agency's "litigating position" as well as to the underling agency action. McDonald, 884 F.2d at 1475-76 (citing United States v. Yoffe, 775 F.2d 447, 450 (1st Cir. 1985)). Even if the court's determination was a "close call" or judicial minds could differ over the correct outcome, that is not enough to sustain the government's burden, although these certainly should be considered. See Diggett v. Berryhill, 292 F. Supp. 3d 581, 583-84 (D.R.I. 2017). The Court must make an independent judgment as to whether an award is warranted. The answer is not "wedded to the underlying judgment on the merits," Fed. Election Comm'n v. Rose, 806 F.2d 1081, 1087 (D.C. Cir. 1986), "[t]hough both roads may in a given instance lead to Rome, that will not always be the case." Sierra Club v. Sec'y of the Army, 820 F.2d 513, 517 (1st Cir. 1987).

Mindful of this decisional framework, the Court has reexamined the Commissioner's conduct in this case and focused on several troubling actions, each of which undermines the Commissioner's ability to demonstrate that its approach to the case, either in the agency or before this Court, was "substantially justified." First is the ALJ's pivotal legal error, vigorously

defended by the Commissioner, in laying out the clear and convincing standard as the claimant's burden, without adjusting to the correct standard for evaluating the claim pursuant to 42 U.S.C. § 416(h)(3). Maricelys S., 2019 WL 2950129, at *5 ("The decision places great emphasis on the clear and convincing standard, but never mentions the preponderance standard."). Second, teetering on a serious due process deprivation, the ALJ failed to ensure that the administrative record was fully and fairly developed, particularly in relying on the S. Roy report as substantial evidence despite no consideration of what weight to afford it and despite the lack of evidence to use in assessing its probative value. Id. ("[T]he ALJ failed to consider S. Roy's competence for forming an opinion . . . , none of the underlying evidence on which S. Roy relied was available for the ALJ's review and some of the pivotal evidence was unavailable to Plaintiff."). Yet the Commissioner doubled down, defending this approach to the evidence that was the linchpin of the denial of benefits. And, third, the ALJ rejected the outcome-determinative testimony of Plaintiff and affidavit of Decedent's mother without making any adverse credibility findings; without any justification in law or in fact, the Commissioner defended this deficiency in the ALJ's decision. And while not pivotal to this analysis, as the judicial officer responsible for analyzing the issues presented in this case, I find that it is not one where the Court's decision to remand for further proceedings was a "close call."

      Based on the foregoing, as to the issues on which Plaintiff is the prevailing party, the Court finds that the Commissioner has failed to meet his burden of proving that either the government's litigating position or the underlying agency action were "justified to a degree that could satisfy a reasonable person." Sinclair v. Berryhill, 284 F. Supp. 3d 111, 114 (D. Mass. 2018). Accordingly, the Court will award EAJA fees to Plaintiff.

The Court's next task is to figure out what the fee should be.  Focusing first on the hourly rate, the Commissioner argues that the Court should cap the EAJA fees at $125 per hour without any cost of living adjustment.  28 U.S.C. § 2412(d)(2)(A).  This proposition has been rejected in this District when, as here, "the work done by counsel was appropriate, thorough, and of exceptional quality."  Diggett, 292 F. Supp. 3d at 584 ("rate, to include a cost of living adjustment, . . . more than reasonable"; adopting EAJA adjusted rates for work performed in 2016 of $192.68 and in 2017 of $195.95).  Further, where, as here, the Commissioner has not presented any alternative method of calculating the cost of living adjustment, the First Circuit has endorsed reliance on the Consumer Price Index ("CPI") data compiled by the U.S. Bureau of Labor Statistics, which Plaintiff has presented.  Castaneda-Castillo v. Holder, 723 F.3d 48, 76 (1st Cir. 2013).  Based on this data, the rates applicable for this case are $201.59 for work performed in 2018 and $206.57 for work performed in 2019.

Second, the Court must consider the Commissioner's arguments that the amount of work performed is excessive.  Citing Saeed v. Comm'r of Soc. Sec., Civil Action No. 16-cv-11928-ADB, 2018 WL 5555064, at *2 (D. Mass. Oct. 28, 2018), he contends that Plaintiff's total of 108.83 hours deviates markedly from an accepted norm of thirty hours and an average award (in 2019) of $4,500.  See ECF No. 33 at 7, 9.  And, examined in light of what actually happened in this case, he contends that the hours are excessive and unjustified.

I decline to place much weight on what is the average or norm – "[t]he relevant question . . . is not what is required in *most* social security cases, but what did *this* case require."  August v. Astrue, C.A. No. 10-386JJM, ECF No. 16 at 7 (D.R.I. Mar. 21, 2012) (citation omitted); see Jessica M., 2019 WL 399153, at *2 n.3 ("The Commissioner cites authority standing for the proposition that twenty to forty hours is a recognized norm. . . . No such standard has been

judicially adopted in this District."). The standard that the Court must apply is what is "reasonable," while recognizing that a claimant's counsel in an ordinary case may not be reimbursed for a number of hours that is significantly above the norm. Jessica M., 2019 WL 399153, at *2.

Several aspects of this case remove it from the run-of-the-mill and amply justify an EAJA fee that exceeds the norm or average. First, as the Commissioner concedes,[2] the legal issues presented were unique and difficult. The parties were able to find only a handful of cases dealing with the general subject matter and none providing direct guidance; this resulted in the need for significant work on the law, including to brief a newly raised (by the Court) set of legal issues. Second, contrary to the Commissioner's usual practice of assembling a pristinely organized and complete record, the record in this case can fairly be described as an utter mess, including that significant documents turned out to be missing, lost or unavailable. This serious problem affected the core of the matters in issue and resulted in substantial work for Plaintiff's counsel, including the need to develop a stipulation to address the insufficiency of the hearing transcript and to give significant attention to organizing and presenting the critical factual arguments. In light of these complexities, the Court is satisfied that Plaintiff's fees are reasonable, with one exception. Plaintiff has sought fees for nine and a half hours spent preparing her unsuccessful objection to my rejection of her argument that benefits should be awarded; because she did not prevail on this issue and it is readily carved out from the work that was successful, I have reduced the total award by $1,962.41. Chretien v. Colvin, Civil No. 2:12–cv–00212–NT, 2013 WL 5503674, at *1 (D. Me. Oct. 1, 2013) ("EAJA fee awards are not

---

[2] In support of his argument that his legal positions were substantially justified, the Commissioner points out, correctly, the dearth of controlling cases to guide the parties or the Court because of the unique nature of the issues posed. ECF No. 33 at 6.

available for work on unsuccessful claims that are not related to the claim or claims upon which the party was successful").

Based on the foregoing, the Court GRANTS Plaintiff's Motion (ECF No. 31) for Attorney's Fees and awards an EAJA fee of $22,324.98.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 29, 2020